(March 29, 2000)

■ In the Matter of the Arbitration between Remsen Central School District, Respondent, and Nora Revere, as President of Remsen Teachers' Association, Appellant. [706 NYS2d 279] —Order reversed on the law without costs, application denied and cross application granted. Memorandum: Supreme Court erred in granting the application to stay arbitration and denying the cross application to compel arbitration. In view of the parties' broad arbitration agreement and the provisions relating to health insurance benefits, we conclude that the alleged violation of the collective bargaining agreement (CBA) resulting from changes in prescription drug benefits presents an arbitrable issue (*see, Matter of Board of Educ. [Watertown Educ. Assn.]*, 93 NY2d 132). The fact that those changes were made by an entity that is not a party to the CBA does not alter our conclusion (*see, Matter of Board of Educ. [Watertown Educ. Assn.], supra*). Whether petitioner possesses authority or control over the amount or type of health insurance benefits provided to its employees, "and whether [petitioner] violated the CBA with regard to maintaining a certain level of benefits, is for the arbitrator" (*Matter of Board of Educ. [Watertown Educ. Assn.], supra*, at 144).

All concur, Callahan, J., not participating. (Appeal from Order of Supreme Court, Oneida County, Buckley, J.—Arbitration.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.